**Van LEWIS et al., Plaintiffs,**

v.

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Defendant.**

**Civ. A. No. 1976.**

United States District Court S. D. Texas, Corpus Christi Division.

Dec. 18, 1961.

Morrison, Dittmar, Dahlgren & Kaine, John H. Dittmar, San Antonio, Tex., for plaintiffs.

Fulbright, Crooker, Freeman, Bates & Jaworski, B. J. Bradshaw, Houston, Tex., for defendant.

GARZA, District Judge.

This cause has been removed to this Court by the Defendant on the grounds of diversity of citizenship and the necessary jurisdictional amount.

The Defendant has filed a motion to dismiss on the grounds that the Plaintiffs have not exhausted their administrative remedies before the Federal Power Commission. This is the motion before the Court.

The Plaintiffs originally brought this suit in the State Court as a suit to remove cloud on their title to certain leasehold interests. Plaintiffs allege that the Defendant is claiming the right to purchase gas from certain gas wells which are on leasehold interests owned by the Plaintiffs as successors in title to Western Natural Gas Company; that in truth and in fact said gas wells are not included in the original contract. The Defendant, Transcontinental Gas Pipe Line Corporation, on the other hand, claims that the same are included.

Generally, the Plaintiffs contend that this is a suit based solely on the common-law right to remove a cloud and to quiet title to a leasehold estate owned by them. They further contend that the Defendant's basis of removal to the Federal Court is diversity of citizenship, and therefore there is no basis for them to suddenly assert the federal question of the Federal Power Commission having jurisdiction; that the mere fact that there exists in the books the Natural Gas Act, 15 U.S.C.A. §§ 717–717w, does not make every case of this type subject to federal jurisdiction, nor does the case itself lose its character as a common-law action; and that the Federal Power Commission has no jurisdiction in this matter.

The Defendant, Transcontinental Gas Pipe Line Corporation, on the other hand, contends that the determination of whether this particular land was within the original contract is an invasion of

the province of the Federal Power Commission; that although the Plaintiffs' case has been framed in terms of the State law on basic title and common-law contract principles, the ultimate result will be to affect a certificate of public convenience and necessity issued by the Federal Power Commission. It is their contention that this is an effort to evade the requirements of the Natural Gas Act, and that the Federal Power Commission should have the opportunity to determine whether or not the particular well location on the land is covered by the certificate.

Plaintiffs, in their opposition to Defendant's motion to dismiss, are relying heavily on the recent case of Pan American Petroleum Company v. Superior Court of Delaware, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584, decided by the Supreme Court on May 29, 1961. We do not think said case is controlling here. In that case, the Supreme Court did not deal with the question of administrative remedies or the exhaustion of the same. That case involved purely and simply a question of Federal versus State jurisdiction; or more simply stated, the question of whether a Federal Court or a State Court had jurisdiction of the case.

Apparently Pan American, in that case, was contending that the Federal Courts had exclusive jurisdiction because the money judgment being sought was from wells regulated by the Natural Gas Act. In the Pan American case, supra, the Supreme Court held that the claims of Cities Service were not founded upon any liability created by the Natural Gas Act, but upon a private contract deriving its force from State law. The Supreme Court was not called upon in that case to decide whether the Natural Gas Act reinforced or abrogated the private contract in controversy.

The Plaintiffs in the instant case are seeking a judgment that would take their supply of gas from the wells in question out of the service to which they had been committed as alleged by the Defendant.

This Court does not agree with the Plaintiffs' contention that this suit is merely one to remove from their title a cloud cast by Defendant's claim that it has a right to purchase gas to be produced from their wells to the exclusion of other purchasers. The rights the Defendant claims with respect to purchasing said gas are derived not only from the contract, but are also a result of the certificate issued by the Federal Power Commission. The rights the Defendant asserts result from the certification by the Federal Power Commission, acting under the Natural Gas Act.

The fact that Plaintiffs allege that they cannot sell gas to other purchasers is the cloud they are complaining of, and this cloud is being caused by the certificate of public convenience and necessity issued by the Federal Power Commission. Under these circumstances, the Federal Power Commission should be given the first opportunity to remove said cloud by amending or modifying the certificate of public convenience and necessity issued by it, should the need arise.

Since the cloud on Plaintiffs' title is being caused by the certificate of public convenience and necessity issued by the Federal Power Commission, the Plaintiffs have not exhausted their administrative remedies because they have not sought relief from said Commission.

Defendant's motion to dismiss is therefore granted.

Clerk will notify Counsel, and Counsel for the Defendant will prepare an appropriate order.